FILED

2016 JAN 14   PM 1: 33

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2015 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>             v.<br><br>ARTASHES DARBINYAN and<br>ORBEL HAKOBYAN,<br>  aka "Arthur,"<br><br>             Defendants. | CR No. 15-558(A)-SVW<br><br>F I R S T<br>S U P E R S E D I N G<br>I N D I C T M E N T<br><br>[18 U.S.C. § 1341: Mail Fraud; 18<br>U.S.C. § 1028A(a)(1): Aggravated<br>Identity Theft; 18 U.S.C.<br>§ 1956(a)(1)(B)(i): Concealment<br>Money Laundering; 18 U.S.C.<br>§ 1349: Conspiracy to Commit Bank<br>Fraud; 18 U.S.C. §§ 1344(1), (2):<br>Bank Fraud; 18 U.S.C. § 2: Aiding<br>and Abetting and Causing an Act to<br>be Done; 18 U.S.C. § 981(a)(1)(C),<br>21 U.S.C. § 853, 28 U.S.C.<br>§ 2461(c): Criminal Forfeiture] |

     The Grand Jury charges:

COUNTS ONE THROUGH FOUR

[18 U.S.C. §§ 1341, 2]

A.   INTRODUCTORY ALLEGATIONS

At all times relevant to this First Superseding Indictment:

1.   United States law provided protection for trademarks by allowing holders of trademarks to register their marks with the United States Patent and Trademark Office ("USPTO").  Once a trademark was registered, the mark, along with the serial number assigned by the USPTO, and the holder's name and address were publicly available on the USPTO's website.  The USPTO is located in Alexandria, Virginia.

2.   United States Customs and Border Protection ("CBP") provided a separate registration service.  Holders of trademarks already registered with the USPTO could register with CBP, and CBP would screen for and block imports that infringed on marks registered in CBP's database.  The service was known as Intellectual Property Rights Recordation ("IPR") and cost $190.

3.   Trademark Compliance Center ("TCC") and Trademark Compliance Office ("TCO") were California companies that purported to offer the IPR registration service as well as a trademark infringement monitoring service.  TCC and TCO solicited clients through mass mailings sent through the U.S. mail.

4.   From at least in or about September 2013 to in or about September 2015, defendant ARTASHES DARBINYAN ("defendant DARBINYAN"), a resident of Glendale, California, operated and controlled TCC and TCO.

B.    THE SCHEME TO DEFRAUD

    5.    Beginning in or about September 2013, and continuing through in or about September 2015, in Los Angeles County, within the Central District of California, and elsewhere, defendant DARBINYAN, aided and abetted by others known and unknown to the Grand Jury, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud victim-clients of TCC and TCO, and to obtain money and property from victim-clients of TCC and TCO by means of material false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made.

    6.    The scheme to defraud operated, in substance, in the following manner:

        a.    Defendant DARBINYAN, using the names of other persons, namely "E.S." and "I.B.", opened accounts for TCC and TCO at virtual office centers, that is, businesses that offered call-answering and mail-forwarding services as well as private and shared office space to its customers, in Washington, D.C.; Arlington, Virginia; Alexandria, Virginia; Encino, California; and Glendale, California (the "Virtual Office Centers").

        b.    Defendant DARBINYAN caused solicitations to be sent to U.S. trademark-holders that purported to offer services for a fee. The solicitations were printed and sent by a commercial mailer according to defendant DARBINYAN's instructions.  The solicitations purported to come from TCC and TCO, and were formatted to look like official invoices.  Through these solicitations, TCC and TCO offered to register the trademark-holders' trademarks with CBP's IPR system,

1  monitor their trademarks for possibly infringing marks, and send

2  regular reports to the trademark-holder in return for a fee of $385.

3  The solicitations listed the trademark-holder's name and address, the

4  name of the mark, and the USPTO serial number for the trademark.

5      c.    The solicitations that defendant DARBINYAN caused to

6  be sent included an envelope in which the trademark-holder was

7  supposed to send the fee for the offered services.  The envelopes

8  were pre-addressed to TCC and TCO at the Virtual Office Centers in

9  Washington, D.C., and Virginia.

10     d.    Defendant DARBINYAN instructed employees at the

11 Virtual Office Centers in Washington, D.C., and Virginia to send the

12 envelopes they received to the Virtual Office Centers in California.

13     e.    Defendant DARBINYAN obtained the envelopes and the

14 checks and money orders (collectively, "the checks") they enclosed

15 from the Virtual Office Centers in California.  Thereafter, defendant

16 DARBINYAN deposited the checks in bank accounts at Wells Fargo that

17 he controlled and cashed the checks, and kept the proceeds.

18     f.    At the time that defendant DARBINYAN sent the

19 solicitations and caused the solicitations to be sent, he did not

20 intend to provide the promised services, and defendant DARBINYAN

21 never did provide the promised services.

22     g.    In order to effectuate his scheme and hide his role in

23 it, defendant DARBINYAN regularly changed phone numbers, communicated

24 via multiple bogus email addresses, created websites for TCC and TCO,

25 set up "Voice over Internet Protocol" (VoIP) phone lines for TCC and

26 TCO, and logged in from wireless Internet service providers (ISPs),

27 which are harder to trace to individual devices and users.

28

1       h.   The accounts and services defendant DARBINYAN used in

2   furtherance of the scheme were all registered under the names of

3   other people and included the following:

4       i.   Using "T.G.", defendant DARBINYAN opened a bank

5   account in the name of TCC and deposited and cashed checks.

6       ii.   Using "E.S.", defendant DARBINYAN opened a bank

7   account into which proceeds of the scheme were transferred, opened

8   accounts at Virtual Office Centers, registered a website for TCC,

9   created an email account, and set up a VoIP phone line.

10       iii.   Using "I.B.", defendant DARBINYAN opened a bank

11   account in the name of TCO and I.B., opened accounts at Virtual Office

12   Centers, registered a website for TCO, created an email account, and

13   deposited and cashed checks.

14       iv.   Using "A.K.", defendant DARBINYAN opened bank

15   accounts, one of which was used to transfer proceeds to a gold dealer,

16   opened an account at a Virtual Office Center, created an email

17   account, and set up a VoIP phone line.

18   C.   USE OF THE MAILS

19       7.   On or about the dates set forth below, within the Central

20   District of California, and elsewhere, defendant DARBINYAN, for the

21   purpose of executing and attempting to execute the above-described

22   scheme to defraud, knowingly caused the following items to be placed

23   in an authorized depository for mail matter to be sent and delivered

24   by the United States Postal Service ("USPS") and to be deposited with

25   and to be delivered by a commercial interstate carrier, namely,

26   FedEx, according to the directions thereon:

27

28

| COUNT | DATE | ITEM MAILED |
|-------|------|-------------|
| ONE | In or about June 2014 | Envelope containing solicitation sent via USPS by commercial mailer from TCC, addressed to S.E.T., and delivered in Monterey Park, CA |
| TWO | July 30, 2014 | FedEx package containing victim-clients' checks with tracking number 770707682841, sent from virtual office center in Alexandria, VA, addressed to TCC, and delivered to virtual office center in Encino, CA |
| THREE | In or about April 2015 | Envelope containing solicitation sent via USPS by commercial mailer from TCO, addressed to D.L., and delivered in Los Angeles, CA |
| FOUR | May 18, 2015 | FedEx package containing victim-clients' checks with tracking number 872677618257, sent from virtual office center in Arlington, VA, addressed to TCO, and delivered to virtual office center in Glendale, CA |

COUNTS FIVE THROUGH SEVEN

[18 U.S.C. §§ 1028A(a)(1), 2(b)]

8.    The Grand Jury hereby repeats and realleges Paragraphs 1 through 6, including all subparagraphs, of this First Superseding Indictment, as if fully set forth herein.

9.    On or about the dates set forth below, in Los Angeles County, within the Central District of California, and elsewhere, defendant DARBINYAN knowingly transferred, possessed, and used, and willfully caused to be transferred, possessed, and used, without lawful authority, a means of identification that defendant DARBINYAN knew belonged to another person, during and in relation to felony violations of Title 18, United States Code, Sections 1341 and 1344, as charged in the counts of this First Superseding Indictment identified below, namely, defendant DARBINYAN used and caused to be used the social security number, name, and date of birth of the persons set forth below to open Wells Fargo bank accounts in the names of the persons identified below:

| COUNT | DATE | MEANS OF IDENTIFICATION | FELONY VIOLATION |
|-------|------|-------------------------|------------------|
| FIVE | December 9, 2013 | T.G. | COUNT ONE |
| SIX | February 17, 2015 | I.B. | COUNT THREE |
| SEVEN | June 18, 2015 | N.S. | COUNT TWELVE |

COUNTS EIGHT AND NINE

[18 U.S.C. §§ 1956(a)(1)(B)(i), 2]

10.    The Grand Jury hereby repeats and realleges Paragraphs 1 through 6, including all subparagraphs, of this First Superseding Indictment, as if fully set forth herein.

11.    At all times relevant to this First Superseding Indictment:

    a.    Wells Fargo Bank ("Wells Fargo") was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation.

    b.    Transgold Capital ("Transgold") was a gold broker.

    c.    Gold Depot was a gold dealer.

12.    On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendant DARBINYAN conducted, attempted to conduct, aided and abetted the conducting of, and willfully caused others to conduct the following financial transactions affecting interstate and foreign commerce that, in fact, involved the proceeds of specified unlawful activity, that is, mail fraud, in violation of Title 18, United States Code, Section 1341, knowing that (a) the property involved in each financial transaction represented the proceeds of some form of unlawful activity constituting a felony under state or federal law, and (b) the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of such specified unlawful activity:

| COUNT | DATE | FINANCIAL TRANSACTION |
|-------|------|----------------------|
| EIGHT | August 1, 2014 | Purchase of gold from Transgold with cashier's check in the amount of $52,400 drawn off TCC account xxxxxx0639 at Wells Fargo |

| COUNT | DATE | FINANCIAL TRANSACTION |
|-------|------|----------------------|
| NINE | April 22, 2015 | Purchase of gold with wire transfer of $38,222.80 to Gold Depot account at Comerica Bank from the Flexis Group bank account xxxxxx2815 at Wells Fargo |

COUNT TEN

[18 U.S.C. § 1349]

A.   INTRODUCTORY ALLEGATIONS

13.   The Grand Jury hereby repeats and realleges Paragraphs 1 through 6, and 11, including all subparagraphs, of this First Superseding Indictment, as if fully set forth herein.

At all times relevant to this First Superseding Indictment:

14.   Zoom Capital ("ZoomCap") was a Los Angeles-based credit service company that, for a fee, sought to improve its clients' credit profiles and applied for loans and credit lines with domestic financial institutions on its clients' behalf.

15.   Defendant ORBEL HAKOBYAN, also known as "Arthur" ("defendant HAKOBYAN"), was an associate of defendant DARBINYAN.

B.   THE OBJECT OF THE CONSPIRACY

16.   Beginning in or about September 2013, and continuing to on or about September 18, 2015, in Los Angeles County, within the Central District of California, and elsewhere, defendants DARBINYAN and HAKOBYAN, together with others known and unknown to the Grand Jury, combined, conspired, and agreed to, knowingly and with intent to defraud, devise, execute, and attempt to execute a scheme to obtain monies, funds, and other property owned by and in the custody of Wells Fargo by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts, in violation of Title 18, United States Code, Section 1344(2).

C.   THE MANNER AND MEANS OF THE CONSPIRACY

17.   The object of the conspiracy was carried out, and was to be carried out, in substance as follows:

10

a.    Defendant DARBINYAN, and others known and unknown to the Grand Jury, opened and caused to be opened fraudulent bank accounts in the names of bogus businesses and the identities of other people, knowing that those identities did not belong to the actual individuals opening and controlling the accounts.

b.    Defendants DARBINYAN and HAKOBYAN picked up from the virtual office centers in Encino and Glendale, California, the checks the victim-clients had made out to TCC and TCO.

c.    Wells Fargo Employees processed and approved fraudulent transactions at the Brand Boulevard Branch that defendants DARBINYAN and HAKOBYAN initiated, and approved the opening of additional fraudulent bank accounts for defendant DARBINYAN's use and control.

d.    Defendants DARBINYAN and HAKOBYAN, with the assistance of Wells Fargo Employees, and others known and unknown to the Grand Jury, made deposits at the Brand Boulevard branch of the victim-clients' checks into accounts under the names of TCC and TCO.

e.    Defendants DARBINYAN and HAKOBYAN, with the assistance of Wells Fargo Employees, and others known and unknown to the Grand Jury, obtained cashier's checks made out to Transgold drawn off the TCC account while pretending to be, or to have the authorization of, T.G., the account holder for the TCC account.

f.    Defendant DARBINYAN transferred funds from the TCC and TCO accounts to other accounts under defendant DARBINYAN's control, from which defendants DARBINYAN and HAKOBYAN, with the assistance of Wells Fargo Employees, and others known and unknown to the Grand

Jury, made cash withdrawals at the Brand Boulevard branch while posing as the account holder.

g.   Defendant DARBINYAN, with the assistance of Wells Fargo Employees, made a wire transfer, while pretending to be the true account holder, from another account under defendant DARBINYAN's control to Gold Depot.

h.   Defendant DARBINYAN and co-conspirators fraudulently caused debits to be made to the fraudulent bank accounts.

D.   OVERT ACTS

18.   In furtherance of the conspiracy, and to accomplish its object, defendants DARBINYAN and HAKOBYAN, together with others known and unknown to the Grand Jury, on or about the dates set forth below, committed and aided, abetted, counseled, commanded, induced and procured others to commit the following overt acts, among others, within the Central District of California, and elsewhere:

Overt Act 1:   On or about September 25, 2013, defendant DARBINYAN and co-conspirators fraudulently opened, and caused to be opened, the Wells Fargo bank account xxxxxx9221 in the name of E.S.

Overt Act 2:   On or about December 9, 2013, defendant DARBINYAN and co-conspirators fraudulently opened, and caused to be opened, the Wells Fargo bank account xxxxxx0639 in the name of TCC, with the supposed signatory being T.G.

Overt Act 3:   On or about January 27, 2014, defendant DARBINYAN and co-conspirators deposited, and caused to be deposited, 24 checks addressed to TCC, totaling $10,725, into the fraudulent TCC account xxxxxx0639.

Overt Act 4:  On or about January 31, 2014, defendant DARBINYAN and co-conspirators caused the TCC account xxxxxx0639 to be debited in the amounts of $4,211 and $4,289 by writing checks #1003 and #1004, drawn off the fraudulent TCC account and fraudulently signed in the name of T.G.

Overt Act 5:  On or about June 27, 2014, at the Brand Boulevard branch, defendant DARBINYAN and co-conspirators fraudulently opened, and caused to be opened, Wells Fargo bank account xxxxxx2595 in the name of TCC, with the supposed signatory being T.G., and with Wells Fargo Employee #1 approving the fraudulent account opening.

Overt Act 6:  On or about June 30, 2014, at the Brand Boulevard branch, defendant DARBINYAN and co-conspirators deposited and caused to be deposited 50 checks addressed to TCC, totaling $19,250, into the fraudulent TCC account xxxxxx0639.

Overt Act 7:  On or about July 11, 2014, at the Brand Boulevard branch, defendant DARBINYAN and co-conspirators caused a cashier's check in the amount of $52,470, addressed to Transgold and fraudulently authorized in the name of T.G., to be issued with funds drawn off the fraudulent TCC account xxxxxx0639, with Wells Fargo Employee #3 approving the fraudulent transaction.

Overt Act 8:  On or about October 10, 2014, defendant DARBINYAN and co-conspirators, at the Brand Boulevard branch, caused a cashier's check in the amount of $40,900, addressed to Transgold and fraudulently authorized in the name T.G., to be issued with funds drawn off the fraudulent TCC account xxxxxx0639, with Wells Fargo Employee #1 approving the fraudulent transaction.

1        Overt Act 9:  On or about December 18, 2014, at the Brand

2    Boulevard branch, defendant DARBINYAN and co-conspirators caused a

3    cashier's check in the amount of $34,200, addressed to Transgold and

4    fraudulently authorized in the name of T.G., to be issued with funds

5    drawn off the fraudulent TCC account xxxxxx0639, with Wells Fargo

6    Employee #4 approving the fraudulent transaction.

7        Overt Act 10:  On or about December 23, 2014, at the Brand

8    Boulevard branch, defendant DARBINYAN and co-conspirators, caused a

9    cashier's check in the amount of $34,000, addressed to Transgold and

10   supposedly authorized by T.G., to be issued with funds drawn off the

11   fraudulent TCC account xxxxxx0639, with Wells Fargo Employee #3

12   approving the fraudulent transaction.

13       Overt Act 11:  On or about January 7, 2015, at the Brand

14   Boulevard branch, defendant HAKOBYAN, while pretending to be E.S.,

15   deposited a check, made payable to E.S., drawn off the fraudulent TCC

16   account xxxxxx0639, and supposedly signed by T.G., in the amount of

17   $30,000, into the fraudulent E.S. account xxxxxx9221, and

18   fraudulently obtained $9,000 cash back from the deposit, with Wells

19   Fargo Employee #4 approving both parts of the fraudulent transaction.

20       Overt Act 12:  On or about January 8, 2015, at the Brand

21   Boulevard branch, defendant DARBINYAN and co-conspirators

22   fraudulently withdrew, and Wells Fargo Employee #3 approved the

23   withdrawal of, $9,500 in cash from the fraudulent E.S. account

24   xxxxxx9221.

25       Overt Act 13:  On or about January 12, 2015, at the Brand

26   Boulevard branch, Wells Fargo Employee #4 assisted defendant HAKOBYAN

27   in fraudulently obtaining cash back of $9,500 from a deposit of a

28

$30,000 check drawn off the fraudulent TCC account xxxxxx0639 into the fraudulent E.S. account xxxxxx9221, by approving the fraudulent transaction.

Overt Act 14:  On or about January 13, 2015, at the Brand Boulevard branch, defendant DARBINYAN and co-conspirators fraudulently withdrew, and Wells Fargo Employee #4 approved the withdrawal of, $9,900 in cash from the fraudulent E.S. account xxxxxx9221.

Overt Act 15:  On or about January 14, 2015, at the Brand Boulevard branch, defendant DARBINYAN and co-conspirators fraudulently withdrew, and Wells Fargo Employee #3 approved the withdrawal of, $9,800 in cash from the fraudulent E.S. account xxxxxx9221.

Overt Act 16:  On or about January 16, 2015, at the Brand Boulevard branch, defendant DARBINYAN and co-conspirators fraudulently withdrew, and Wells Fargo Employee #3 approved the withdrawal of, $8,850 in cash from the fraudulent E.S. account xxxxxx9221.

Overt Act 17:  On or about January 17, 2015, at the Brand Boulevard branch, defendant DARBINYAN and co-conspirators fraudulently withdrew, and Wells Fargo Employee #4 approved the withdrawal of, $9,600 in cash from the fraudulent E.S. account xxxxxx9221.

Overt Act 18:  On or about January 20, 2015, at the Brand Boulevard branch, defendant DARBINYAN and co-conspirators fraudulently withdrew, and Wells Fargo Employee #3 approved the

1  withdrawal of, $9,700 in cash from the fraudulent E.S. account

2  xxxxxx9221.

3      Overt Act 19:  On or about January 21, 2015, at the Brand

4  Boulevard branch, defendant DARBINYAN and co-conspirators

5  fraudulently withdrew, and Wells Fargo Employee #2 approved the

6  withdrawal of, $9,500 in cash from the fraudulent account xxxxxx9221.

7      Overt Act 20:  On or about January 23, 2015, at the Brand

8  Boulevard branch, defendant DARBINYAN and co-conspirators

9  fraudulently withdrew, and Wells Fargo Employee #4 approved the

10  withdrawal of, $8,500 in cash from the fraudulent E.S. account

11  xxxxxx9221.

12      Overt Act 21:  On or about January 24, 2015, at the Brand

13  Boulevard branch, defendant DARBINYAN and co-conspirators

14  fraudulently withdrew, and Wells Fargo Employee #4 approved the

15  withdrawal of, $9,700 in cash from the fraudulent E.S. account

16  xxxxxx9221.

17      Overt Act 22:  On or about January 27, 2015, at the Brand

18  Boulevard branch, defendant DARBINYAN and co-conspirators

19  fraudulently withdrew, and Wells Fargo Employee #3 approved the

20  withdrawal of, $9,900 in cash from the fraudulent E.S. account

21  xxxxxx9221.

22      Overt Act 23:  On or about January 29, 2015, at the Brand

23  Boulevard branch, defendant DARBINYAN and co-conspirators

24  fraudulently obtained cash back of $9,000 from a deposit of a $12,000

25  check drawn off the fraudulent TCC account xxxxxx0639 into the

26  fraudulent E.S. account xxxxxx9221, with Wells Fargo Employee #2

27  approving the fraudulent transaction.

28

Overt Act 24:  On or about January 30, 2015, at the Brand Boulevard branch, defendant DARBINYAN and co-conspirators opened, and caused to be opened, the fraudulent Wells Fargo bank account xxxxxx7606 in the name of I.B., with Wells Fargo Employee #3 approving the fraudulent account opening.

Overt Act 25:  On or about January 31, 2015, at the Brand Boulevard branch, defendant DARBINYAN and co-conspirators, opened, and caused to be opened, the fraudulent Wells Fargo bank account xxxxxx3335 in the name of A.K., with Wells Fargo Employee #3 approving the fraudulent account opening.

Overt Act 26:  On or about February 17, 2015, at the Brand Boulevard branch, defendant DARBINYAN and co-conspirators opened, and caused to be opened, the fraudulent Wells Fargo bank account xxxxxx1055 in the name of TCO, with the supposed signatory being I.B., and with Wells Fargo Employee #4 approving the fraudulent account opening.

Overt Act 27:  On or about February 17, 2015, at the Brand Boulevard branch, defendant DARBINYAN and co-conspirators opened, and caused to be opened, the fraudulent Wells Fargo bank account xxxxxx2815 in the name of Flexis Group, with the supposed signatory being A.K., and with Wells Fargo Employee #4 approving the fraudulent account opening.

Overt Act 28:  On or about April 20, 2015, at the Brand Boulevard branch, defendant DARBINYAN and co-conspirators deposited and caused to be deposited 78 checks addressed to TCO, totaling $30,030, into the fraudulent TCO account xxxxxx1055.

1          Overt Act 29:  On or about April 20, 2015, defendant

2    DARBINYAN and co-conspirators deposited and caused to be deposited a

3    check in the amount of $28,430, addressed to Flexis Group, drawn off

4    the fraudulent TCO account xxxxxx1055, and supposedly signed by I.B.,

5    into the fraudulent Flexis Group account xxxxxx2815.

6          Overt Act 30:  On or about April 22, 2015, at the Brand

7    Boulevard branch, defendant DARBINYAN and co-conspirators, while

8    pretending to be A.K., fraudulently caused a wire in the amount of

9    $38,222.80 to be sent to the bank account of Gold Depot at Comerica

10   Bank from the fraudulent Flexis Group account xxxxxx2815, with Wells

11   Fargo Employee #4 approving the fraudulent transaction.

12         Overt Act 31:  On or about May 7, 2015, defendant

13   DARBINYAN, pretending to be I.B., called the Wells Fargo loss

14   prevention center to inquire about obtaining the balance of the funds

15   in the fraudulent TCO account xxxxxx1055.

16         Overt Act 32:  On or about May 7, 2015, defendant

17   DARBINYAN, while pretending to be I.B., fraudulently withdrew the

18   balance in the fraudulent TCO account xxxxxx1055 in the form of a

19   cashier's check addressed to I.B. in the amount of $32,145.69 and

20   $30,000 in cash, with Wells Fargo Employee #4 approving the

21   fraudulent transaction.

22         Overt Act 33:  On or about May 11, 2015, at the Brand

23   Boulevard branch, defendant DARBINYAN and co-conspirators

24   fraudulently opened, and caused to be opened, the Wells Fargo bank

25   account xxxxxx0032 in the name of AGS Commodity Trading Inc., with

26   the supposed signatory being I.C., and with Wells Fargo Employee #4

27   approving the fraudulent account opening.

28

1        Overt Act 34:  On or about May 13, 2015, defendant
2   DARBINYAN, pretending to be A.K., called the Wells Fargo loss
3   prevention center to inquire about a tracking number for an envelope
4   containing a cashier's check, made out to A.K., constituting the
5   balance of the funds in the fraudulent Flexis Group account
6   xxxxxx2815.

7        Overt Act 35:  On or about June 17, 2015, at the Brand
8   Boulevard branch, defendant DARBINYAN and co-conspirators
9   fraudulently opened, and caused to be opened, the Wells Fargo bank
10  account xxxxxx2576 in the name of N.S., with Wells Fargo Employee #4
11  approving the fraudulent account opening.

12       Overt Act 36:  On or about June 18, 2015, at the Brand
13  Boulevard branch, defendant DARBINYAN and co-conspirators,
14  fraudulently opened, and caused to be opened, the Wells Fargo bank
15  account xxxxxx1082 in the name of Pathway Investment Group, with the
16  supposed signatory being N.S., and with Wells Fargo Employee #4
17  approving the fraudulent account opening.

18       Overt Act 37:  On or about June 30, 2015, defendant
19  DARBINYAN fraudulently caused to be debited two electronic checks to
20  the bank account of ZoomCap each in the amount of $2,250, one drawn
21  off the fraudulent Pathway Investment Group account xxxxxx0032, and
22  the other drawn off the fraudulent AGS Commodity Trading account
23  xxxxxx1082.

24
25
26
27
28

COUNT ELEVEN

[18 U.S.C. §§ 1344(2), 2]

19.  The Grand Jury hereby repeats and realleges Paragraphs 1 through 6, 11, 15, and 17, including all subparagraphs, of this First Superseding Indictment, as if fully set forth herein.

A.  THE SCHEME TO DEFRAUD

20.  Beginning in or about September 2013, and continuing through on or about September 18, 2015, in Los Angeles County, within the Central District of California, and elsewhere, defendant HAKOBYAN, together with others known and unknown to the Grand Jury, aiding and abetting one another, knowingly and with intent to defraud, executed and attempted to execute a scheme to obtain monies, funds, and other property owned by and in the custody and control of Wells Fargo by means of material false and fraudulent pretenses, representations, and promises and the concealment of material facts.

21.  The fraudulent scheme was operated and was carried out, in substance, as set forth in Paragraph 17 of this First Superseding Indictment.

B.  THE EXECUTION OF THE FRAUDULENT SCHEME

22.  On or about January 7, 2015, in Los Angeles County, within the Central District of California, and elsewhere, defendant HAKOBYAN, together with others known and unknown to the Grand Jury, aiding and abetting one another, committed and willfully caused others to commit the following act, which constituted an execution of and attempted execution of the fraudulent scheme: Fraudulent withdrawal of $9,000 cash from the fraudulent E.S. account

1  xxxxxx9221, following deposit of a $30,000 check drawn off the

2  fraudulent TCC account xxxxxx0639.

COUNT TWELVE

[18 U.S.C. §§ 1344(1), (2), 2]

23.  The Grand Jury hereby repeats and realleges Paragraphs 3, 4, 6, 11, 14, and 17, including all subparagraphs, of this First Superseding Indictment, as if fully set forth herein.

A.  SCHEME TO DEFRAUD

24.  Beginning in or about May 2015, and continuing through in or about September 2015, in Los Angeles County, within the Central District of California, and elsewhere, defendant DARBINYAN, aided and abetted by others known and unknown to the Grand Jury, knowingly and with intent to defraud, executed and attempted to execute a scheme to defraud financial institutions as to material matters, and to obtain monies, funds, and other property owned by and in the custody and control of financial institutions by means of material false and fraudulent pretenses, representations, and promises, and concealment of material facts.

25.  The scheme to defraud operated, and was supposed to operate, in substance, in the following manner:

a.  Defendant DARBINYAN would open accounts at virtual office centers in North Hollywood, Woodland Hills, and Pasadena, California, in the name of bogus businesses, namely, Flexis Group, AGS Commodity Trading Inc., and Pathway Investment Group, respectively.

b.  To open these accounts, defendant DARBINYAN would unlawfully use the identities of real people: A.K. for Flexis Group, I.C. for AGS Commodity Trading Inc., and N.S. for Pathway Investment Group.

1          c.    Defendant DARBINYAN would then open business bank

2    accounts with Wells Fargo at the Brand Boulevard branch under these

3    business names, using the addresses of the virtual office centers and

4    using the same identities of the above-listed people.

5          d.    Defendant DARBINYAN would then submit loan

6    applications to ZoomCap knowing that ZoomCap would then apply to

7    federally insured financial institutions for loans and credit lines

8    in the name of, and on behalf of, the stolen identities and false

9    businesses.

10         e.    Based on these loan applications, DARBINYAN would

11   obtain credit cards that were mailed to the virtual office centers,

12   which defendant DARBINYAN could then use to obtain goods, services,

13   and cash.

14   C.   EXECUTION OF SCHEME TO DEFRAUD

15        26.   On or about June 18, 2015, in Los Angeles County, within

16   the Central District of California, and elsewhere, defendant

17   DARBINYAN knowingly submitted and caused to be submitted to ZoomCap

18   loan applications in the names of A.K., I.C., and N.S., containing

19   material false and fraudulent pretenses, representations, and

20   promises, knowing that they would be the basis for loan and credit

21   card applications submitted to financial institutions insured by the

22   FDIC.

23

24

25

26

27

28

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853, 28 U.S.C. § 2461(c)]

27.   The allegations contained in Counts One through Four of this First Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

28.   Upon conviction of the offenses in violation of Title 18, United States Code, Section 1341 set forth in Counts One through Four of this First Superseding Indictment, defendant DARBINYAN shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.   The property to be forfeited includes, but is not limited to, the following: a money judgment in an amount not less than $1,650,000.00, representing the amount of proceeds obtained as a result of the offenses alleged in this First Superseding Indictment.

29.   If any of the property described above, as a result of any act or omission of defendant DARBINYAN: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21,

24

1   United States Code, Section 853(p), as incorporated by Title 28,

2   United States Code, Section 2461(c).

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                          FORFEITURE ALLEGATION TWO

2        [18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853, 28 U.S.C. § 2461(c)]

3          30.  The allegations contained in Counts Ten through Eleven of

4 this First Superseding Indictment are hereby realleged and

5 incorporated by reference for the purpose of alleging forfeiture

6 pursuant to Title 18, United States Code, Section 981(a)(1)(C) and

7 Title 28, United States Code, Section 2461(c).

8          31.  Upon conviction of the offenses in violation of Title 18,

9 United States Code, Sections 1344 and 1349 set forth in Counts Ten

10 and Eleven of this First Superseding Indictment, defendants DARBINYAN

11 and HAKOBYAN shall forfeit to the United States of America, pursuant

12 to Title 18, United States Code, Section 981(a)(1)(C) and Title 28,

13 United States Code, Section 2461(c), any property, real or personal,

14 which constitutes or is derived from proceeds traceable to the

15 offenses.  The property to be forfeited includes, but is not limited

16 to, the following: a money judgment in an amount not less than

17 $1,290,000.00, for which the defendants would be jointly and

18 severally liable, representing the amount of proceeds obtained as a

19 result of the offenses alleged in this First Superseding Indictment.

20          32.  If any of the property described above, as a result of any

21 act or omission of defendants DARBINYAN and HAKOBYAN: (a) cannot be

22 located upon the exercise of due diligence; (b) has been transferred

23 or sold to, or deposited with, a third party; (c) has been placed

24 beyond the jurisdiction of the court; (d) has been substantially

25 diminished in value; or (e) has been commingled with other property

26 which cannot be divided without difficulty, the United States of

27 America shall be entitled to forfeiture of substitute property

28

1 | pursuant to Title 21, United States Code, Section 853(p), as

2 | incorporated by Title 18, United States Code, Section 982(b)(1) and

3 | Title 28, United States Code, Section 2461(c).

4

5 |                                          A TRUE BILL

6 |                                          /s/

7 |                                          _____
                                            Foreperson

8 | EILEEN M. DECKER
   | United States Attorney

9

10

11 | LAWRENCE S. MIDDLETON
    | Assistant United States Attorney
    | Chief, Criminal Division

12

13 | GEORGE S. CARDONA
    | Assistant United States Attorney
    | Chief, Major Frauds Section

14

15 | ANDREW WEISSMANN
    | Chief, Fraud Section
    | Criminal Division

16 | U.S. Department of Justice

17 | BENJAMIN D. SINGER
    | Deputy Chief, Fraud Section

18 | Criminal Division
    | U.S. Department of Justice

19

20 | WILLIAM E. JOHNSTON
    | Trial Attorney, Fraud Section
    | Criminal Division

21 | U.S. Department of Justice

22

23

24

25

26

27

28