ANDREW WEISSMANN
Chief, Fraud Section
Criminal Division
WILLIAM E. JOHNSTON
BRIAN KIDD
Trial Attorneys
Fraud Section, Criminal Division
U.S. Department of Justice
1400 New York Ave NW
Washington, District of Columbia 20530
Telephone: (202) 514-0687
Facsimile: (202) 514-0152
E-mail: William.Johnston4@usdoj.gov
Brian.Kidd2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ARTASHES DARBINYAN,<br><br>Defendant. | No. CR 15-558-SVW<br><br><u>PLEA AGREEMENT FOR DEFENDANT ARTASHES DARBINYAN</u> |

1. This constitutes the plea agreement between Artashes Darbinyan (the "defendant") and the Criminal Division, Fraud Section, of the U.S. Department of Justice (the "government") in the above-captioned case. This agreement is limited to the government and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

<u>DEFENDANT'S OBLIGATIONS</u>

2. The defendant agrees to:

a. At the earliest opportunity requested by the government and provided by the Court, appear and plead guilty to counts one and eight of the second superseding indictment in <u>United</u>

States v. Artashes Darbinyan et al., CR No. 2:15-CR-558, which charges the defendant with four counts of mail fraud, in violation of 18 U.S.C. § 1341; three counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A; one count of conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h); five counts of concealment money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and one count of bank fraud, in violation of 18 U.S.C. § 1344(2).

b. Not contest facts agreed to in this agreement.

c. Abide by all agreements regarding sentencing contained in this agreement.

d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f. Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g. Pay the applicable special assessment at or before the time of sentencing unless the defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the government.

3. The defendant further agrees:

a. Truthfully to disclose to law enforcement officials, at a date and time to be set by the government, the location of, the defendant's ownership interest in, and all other information known to

the defendant about, all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, the defendant's illegal activities, and to forfeit all right, title, and interest in and to such items, specifically including all right, title, and interest in and to all United States currency, property and assets which the defendant admits constitute the proceeds of the defendant's illegal activity or were used to facilitate the defendant's criminal activity in violation of 18 U.S.C. §§ 1341 and 1956(h).

b. To the Court's entry of an order of forfeiture at or before sentencing with respect to these assets and to the forfeiture of the assets.

c. To take whatever steps are necessary to pass to the United States clear title to the assets described above, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

d. With respect to any criminal forfeiture ordered as a result of this plea agreement, the defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that forfeiture of the assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts the defendant's guilty pleas.

e. Not to assist any other individual in any effort falsely to contest the forfeiture of the assets described above.

f. Not to claim that reasonable cause to seize the assets was lacking.

g. To prevent the transfer, sale, destruction, or loss of any and all assets described above to the extent the defendant has the ability to do so.

h. To fill out and deliver to the government a completed financial statement listing the defendant's assets on a form provided by the government.

i. That forfeiture of assets described above shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

## THE GOVERNMENT'S OBLIGATIONS

4. The government agrees to:

a. Not contest facts agreed to in this agreement.

b. Abide by all agreements regarding sentencing contained in this agreement.

c. At the time of sentencing, move to dismiss the remaining counts of the Second Superseding Indictment against the defendant. The defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d. At the time of sentencing, provided that the defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction

in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e. Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not further criminally prosecute the defendant for violations of 18 U.S.C. §§ 1028A, 1341, 1344, and 1956 arising out of the defendant’s conduct described in the agreed-to factual basis set forth in paragraph 15 below. The defendant understands that the government is free to criminally prosecute the defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement. The defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

## NATURE OF THE OFFENSES

5. The defendant understands that for the defendant to be guilty of the crime charged in count one, that is, mail fraud, in violation of Title 18, United States Code, Section 1341, the following must be true:

a. The defendant devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

b. The statements made or facts omitted were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

c. The defendant acted with the intent to defraud; and

d. The defendant used, or caused to be used, the mails to carry out or attempt to carry out an essential part of the scheme.

6. The defendant understands that for the defendant to be guilty of the crime charged in count eight, that is, conspiracy to launder monetary instruments, in violation of Title 18, United States Code, Section 1956(h), the following must be true:

a. There was an agreement between two or more persons to commit the crime of concealment money laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

b. The defendant became a member of the conspiracy knowing of its object and intending to help accomplish it.

PENALTIES AND RESTITUTION

7. The defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1341, is: 20 years imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8. The defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1956(h), is: 20 years imprisonment; a 3-year period of supervised release; a fine of $500,000 or twice the value of the funds laundered, whichever is greatest; and a mandatory special assessment of $100.

9. The defendant understands, therefore, that the total maximum sentence for all offenses to which the defendant is pleading guilty is: 40 years imprisonment; a three-year period of supervised

release; a fine of $750,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $100.

10. The defendant understands that the defendant will be required to pay full restitution to the victims of the offenses to which the defendant is pleading guilty. The defendant agrees that, in return for the government's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offenses to which the defendant is pleading guilty and in amounts greater than those alleged in the counts to which the defendant is pleading guilty. In particular, the defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which the defendant is pleading guilty; and (b) any counts dismissed and charges not prosecuted pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts and charges. The parties currently believe that the applicable amount of restitution is approximately $1,661,569.73, joint and several with the defendant's co-conspirators, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

11. The Court will also order forfeiture of the property listed in the forfeiture allegation of the second superseding indictment pursuant to 18 U.S.C. § 981(a)(1)(C), or substitute assets up to the value of that property.

12. The defendant understands that supervised release is a period of time following imprisonment during which the defendant will be subject to various restrictions and requirements. The defendant understands that if the defendant violates one or more of the conditions of any supervised release imposed, the defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in the defendant serving a total term of imprisonment greater than the statutory maximum stated above.

13. The defendant understands that, by pleading guilty, the defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The defendant understands that once the court accepts the defendant’s guilty plea, it will be a federal felony for the defendant to possess a firearm or ammunition. The defendant understands that the conviction in this case may also subject the defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. The defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw the defendant’s guilty plea.

14. The defendant understands that, if the defendant is not a United States citizen, the felony conviction in this case may subject the defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The court

cannot, and the defendant's attorney also may not be able to, advise the defendant fully regarding the immigration consequences of the felony conviction in this case. The defendant understands that unexpected immigration consequences will not serve as grounds to withdraw the defendant's guilty plea.

FACTUAL BASIS

15. The defendant admits that the defendant is, in fact, guilty of the offenses to which the defendant is agreeing to plead guilty. The defendant and the government agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 17 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

a. From in or about September 2013 until on or about September 18, 2015, in the Central District of California and elsewhere, the defendant operated a mass mailing scam under the names of Trademark Compliance Center and Trademark Compliance Office. As part of the scam, the defendant caused to be sent by mail fraudulent solicitations to applicants for U.S. trademarks. The solicitations, sent to well over 100,000 trademark applicants, purported to offer a registration and monitoring service whereby, in exchange for $385, a client's trademark would be registered with the Intellectual Property Rights (IPR) recordation system of U.S. Customs and Border Protection (CBP), which for $195 offers a real service that screens and blocks imports containing infringing marks. The solicitations also promised to send the applicants regular reports about possibly infringing

marks. The defendant never intended to register, and never did register, with CBP any of his clients' trademarks; nor did the defendant intend to send, or ever send, clients any reports about their trademarks.

b. The mail solicitations were designed to deceive their recipients into believing TCC and TCO were official government agencies whose fees were mandatory as part of the trademark registration process, notwithstanding small text on the solicitations disclaiming any official affiliation and disclosing that TCC and TCO were offering a "service". Aware that the U.S. Patent and Trademark Office was located in Alexandria, VA, the defendant deceived recipients of the solicitations into believing the solicitations were official, in part, by listing on the solicitation the recipient's serial number and by listing TCC and TCO's return addresses as being in Arlington, VA; Alexandria, VA; or Washington, D.C. The addresses in Virginia and Washington, D.C., were not TCC or TCO's physical place of business, but were virtual office centers that were under instructions from the defendant to collect and send victims' payments to other virtual office centers in the Los Angeles area, from where the defendant or co-conspirators picked up the payments. The defendant also created websites and registered for voice-over-internet-protocol (VOIP) phone numbers for TCC and TCO to market the scheme and create a veneer of legitimacy.

c. To execute and disguise his control over the scheme, the defendant used the identities of multiple real people (including their real dates of birth and social security numbers), who were uninvolved in the fraud, to open accounts at virtual office centers and bank accounts into which proceeds of the scheme were deposited.

As part of the scheme, those same identities were also used to falsely register domain names for websites used in furtherance of the fraud. The defendant also created and used fake California driver's licenses (with authentic-looking holograms) for the identities he was illicitly using in furtherance of the scheme. To further conceal his control over the scheme, the defendant established bogus email accounts, paid with money orders, regularly changed the cell phone numbers used in the scheme, and used untraceable pre-paid wireless modems to access the Internet.

d. After depositing the victims' payments into the bank accounts that had been opened with the identities of other people, the defendant and co-conspirators laundered the funds by withdrawing them through cash withdrawals or cashier's checks and then purchasing gold.

e. The defendant grossed approximately $1,661,569.73 from 4446 victims.

SENTENCING FACTORS

16. The defendant understands that in determining the defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). The defendant understands that the Sentencing Guidelines are advisory only, that the defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose

any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

17. The defendant and the government agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| **MAIL FRAUD** | | |
| Base Offense Level: | **7** | [U.S.S.G. § 2B1.1(a)] |
| Specific Offense Characteristics: | **22** | |
| Loss more than $1,500,000 | 16 | [U.S.S.G. § 2B1.1(b)(1)(I)] |
| Committed through mass-marketing | 2 | [U.S.S.G. § 2B1.1(b)(2)(A)(ii)] |
| Sophisticated means | 2 | [U.S.S.G. § 2B1.1(b)(10)(C)] |
| Possession and use of authentication feature | 2 | [U.S.S.G. § 2B1.1(b)(11)(A)(ii)] |
| TOTAL: | **29** | |
| **MONEY LAUNDERING** | | |
| Base Offense Level: | **29** | [U.S.S.G. § 2S1.1(a)(1)] |
| Specific Offense Characteristics: | **2** | |
| Convicted under 18 U.S.C. § 1956 | 2 | [U.S.S.G. § 2S1.1(b)(2)(B)] |
| TOTAL: | **31** | |

The defendant and the government reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

18. The defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

19. The defendant and the government reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

WAIVER OF CONSTITUTIONAL RIGHTS

20. The defendant understands that by pleading guilty, the defendant gives up the following rights:

a. The right to persist in a plea of not guilty.

b. The right to a speedy and public trial by jury.

c. The right to be represented by counsel –- and if necessary have the court appoint counsel -- at trial. The defendant understands, however, that the defendant retains the right to be represented by counsel –- and if necessary have the court appoint counsel –- at every other stage of the proceeding.

d. The right to be presumed innocent and to have the burden of proof placed on the government to prove the defendant guilty beyond a reasonable doubt.

e. The right to confront and cross-examine witnesses against the defendant.

f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g. The right not to be compelled to testify, and, if the defendant chose not to testify or present evidence, to have that choice not be used against the defendant.

h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

WAIVER OF APPEAL OF CONVICTION

21. The defendant understands that, with the exception of an appeal based on a claim that the defendant's guilty pleas were involuntary, by pleading guilty the defendant is waiving and giving up any right to appeal the defendant's convictions on the offenses to which the defendant is pleading guilty.

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

22. The defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 135 months, the defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the amount and terms of any restitution order, provided it requires payment of no more than $1,661,569.73; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

23. The government agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 78 months, the government gives up its right to appeal any portion of the sentence, with the exception that the government reserves the

right to appeal the following: (a) the amount of restitution ordered if that amount is less than $1,661,569.73.

RESULT OF WITHDRAWAL OF GUILTY PLEA

24. The defendant agrees that if, after entering guilty pleas pursuant to this agreement, the defendant seeks to withdraw and succeeds in withdrawing the defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the government will be relieved of all of its obligations under this agreement; and (b) should the government choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of the defendant's signing of this agreement and the filing commencing any such action; and (ii) the defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of the defendant's signing this agreement.

EFFECTIVE DATE OF AGREEMENT

25. This agreement is effective upon signature and execution of all required certifications by the defendant, the defendant's counsel, and a government attorney.

BREACH OF AGREEMENT

26. The defendant agrees that if the defendant, at any time after the signature of this agreement and execution of all required certifications by the defendant, the defendant's counsel, and a government attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the

government may declare this agreement breached. All of the defendant's obligations are material, a single breach of this agreement is sufficient for the government to declare a breach, and the defendant shall not be deemed to have cured a breach without the express agreement of the government in writing. If the government declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if the defendant has previously entered guilty pleas pursuant to this agreement, the defendant will not be able to withdraw the guilty pleas, and (b) the government will be relieved of all its obligations under this agreement.

27. Following the Court's finding of a knowing breach of this agreement by the defendant, should the government choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a. The defendant agrees that any applicable statute of limitations is tolled between the date of the defendant's signing of this agreement and the filing commencing any such action.

b. The defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of the defendant's signing this agreement.

c. The defendant agrees that: (i) any statements made by the defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against the defendant in any such action against the defendant, and the defendant waives and

gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

COURT AND PROBATION OFFICE NOT PARTIES

28. The defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the government's sentencing recommendations or the parties' agreements to facts or sentencing factors.

29. The defendant understands that both the defendant and the government are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 17 are consistent with the facts of this case. While this paragraph permits both the government and the defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect the defendant's and the government's obligations not to contest the facts agreed to in this agreement.

30. The defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions

different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw the defendant's guilty pleas, and the defendant will remain bound to fulfill all the defendant's obligations under this agreement. The defendant understands that no one -- not the prosecutor, the defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence the defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

31. The defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the government and the defendant or the defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

32. The parties agree that this agreement will be considered part of the record of the defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

ANDREW WEISSMANN
Chief
Fraud Section

William Johnston ________________ 12/08/16 ________
WILLIAM E. JOHNSTON Date
BRIAN KIDD
Trial Attorneys

________________ 11/29/16 ________
ARTASHES DARBINYAN Date
Defendant

Mark Wer ________________ 11/29/16 ________
MARK WERKSMAN Date
Attorney for Defendant

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

______________________________ 11/23/16
ARTASHES DARBINYAN Date
Defendant

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Artashes Darbinyan's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

[signature] 11/29/16

MARK WERKSMAN
Attorney for Defendant Artashes Darbinyan

Date