ANDREW WEISSMANN
Chief, Fraud Section
Criminal Division
WILLIAM E. JOHNSTON (Cal. Bar No. 287707)
ALISON L. ANDERSON (Cal. Bar No. 275334)
Trial Attorneys
Fraud Section, Criminal Division
U.S. Department of Justice
1400 New York Ave NW
Washington, District of Columbia 20530
Telephone: (202) 514-0687
Facsimile: (202) 514-0152
E-mail: William.Johnston4@usdoj.gov
Alison.Anderson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ARTASHES DARBINYAN,<br><br>Defendant. | No. CR 15-558-SVW-1<br><br>**SENTENCING DATE: 06-19-17**<br><br>GOVERNMENT’S RESPONSE IN OPPOSITION TO DEFENDANT DARBINYAN’S EX PARTE APPLICATION TO CONTINUE SENTENCING; DECLARATION OF WILLIAM E. JOHNSTON |

The United States, by and through its counsel of record, Trial Attorneys William E. Johnston and Alison L. Anderson (the “Government”), hereby submits this Response in Opposition to Defendant Darbinyan’s Ex Parte Application to Continue Sentencing. Notwithstanding the change in counsel, defendant Darbinyan’s sentencing should remain on its currently scheduled date: June 19, 2017.

Defendant Darbinyan’s conduct relates to orchestrating a mass-mailing scam targeting trademark holders and laundering the scam’s proceeds through bogus bank accounts at Wells Fargo. (See Dkt. No.

54.) Defendant Darbinyan was charged by complaint on September 18, 2015. He was indicted on October 9, 2015, (Dkt. No. 15) and then charged in superseding indictments on January 14, 2016, and July 14, 2016, (Dkt. Nos. 25 and 54.) Defendant Darbinyan pleaded guilty on December 12, 2016 to one count of mail fraud and one count of conspiracy to launder monetary instruments. (Dkt. No. 85.) During the plea colloquy, the Court specifically advised defendant Darbinyan that, notwithstanding the parties' agreement, the ultimate sentence would be imposed by the Court and that he could face any sentence up to the statutory maximum, i.e., a total of 40 years on the two counts.

Almost six months has elapsed since defendant Darbinyan's guilty plea, during which time the defendant has had difficulty abiding by the conditions of his pretrial release (see Dkt. No. 117). At the defendant's plea hearing in December 2016, the government had consented to setting the sentencing hearing for June 2017, as opposed to the standard 2-3 months, because, at the time, defense counsel had represented to government counsel that defendant Darbinyan would be facing a significant prison sentence and thus needed extra time to prepare his affairs. The only change in his case since pleading guilty has been the release of the presentence report, which sets out a Guidelines range far below the statutory maximum. The PSR adopts the agreed-upon sentencing enhancements contained in the plea agreement (see Dkt. No. 86), plus adds two additional ones: a sentencing enhancement for leadership role and an enhancement for sophisticated money laundering. Given the defendant's guilty plea and plea agreement (see Dkt. No. 86), the only arguments the defendant can advance at sentencing without violating his plea

agreement are the appropriate criminal history calculation, the applicability of those two above enhancements and the application of the § 3553(a) factors. In other words, the issues that can be contested at the sentencing hearing are exceedingly limited, and three weeks is more than sufficient time for new defense counsel to prepare for them. Under those circumstances, a continuance is not needed for defendant Darbinyan to receive the effective assistance of counsel.

Moreover, the public interest weighs against a further continuance of sentencing. Counsel for the government is flying to Los Angeles from Washington, D.C. for the sentencings of defendant Darbinyan's co-defendants, also scheduled on June 19, 2017. Continuing defendant Darbinyan's sentencing would require an additional trip by counsel for the government and result in added public expense. Given the length of time that has already elapsed since defendant Darbinyan's guilty plea, and the exceedingly few issues that are contestable at sentencing, it is not in the public interest for the sentencing hearing to be delayed any further.

DATED: May 26, 2017

Respectfully submitted,

ANDREW WEISSMANN
Chief, Fraud Section
Criminal Division
U.S. Department of Justice

/s/
William E. Johnston
Alison L. Anderson
Trial Attorneys

# DECLARATION OF WILLIAM E. JOHNSTON

I, William E. Johnston, declare as follows:

1. I am a Trial Attorney in the Fraud Section of the Criminal Division of the United States Department of Justice. I represent the government in United States v. Darbinyan, CR 15-558-SVW-1.

2. At defendant Darbinyan's plea hearing on December 12, 2016, defense counsel Mark Werksman requested a sentencing date in June 2017 on the grounds that defendant Darbinyan would be facing a significant prison sentence and needed additional time to prepare his affairs.

3. I work and reside in Washington, D.C. I will be flying to Los Angeles from Washington, D.C., for the sentencing hearings of defendant Darbinyan and his co-defendants, Orbel Hakobyan and Albert Yagubyan, all currently scheduled for June 19, 2017. This trip will likely require two days of hotel lodging. The entire trip will be paid for by the government.

4. If defendant Darbinyan's plea hearing is continued to a later date, I, or another government attorney from Washington, D.C., will have to make another government-paid-for trip to Los Angeles for that sentencing hearing.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

DATED: May 26, 2017

William Johnston

William E. Johnston